ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Frontline Support Solutions, LLC | ) ASBCA No. 64022 |
| | ) |
| Under Contract No. W9126G-19-C-0163 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Bronson Lerma
                                                          President

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
                                                          Engineer Chief Trial Attorney
                                                        Lisa M. Haywood, Esq.
                                                        Elliott A. Stanley, Esq.
                                                          Engineer Trial Attorneys
                                                          U.S. Army Engineer District, Fort Worth

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON APPELLANT'S MOTION FOR RECONSIDERATION

Frontline Support Solutions, LLC (Frontline or appellant) moves for reconsideration of the Board's April 3, 2025 decision (*Frontline Support Sols., LLC*, ASBCA No. 64022, 25-1 BCA ¶ 38,803) dismissing its appeal for lack of jurisdiction due to a lack of privity of contract with the government. Familiarity with that decision is presumed.

In its motion, Frontline alleges for the first time that it had an implied-in-fact contract with the government (app. mot. at 4). Frontline asserts that the U.S. Army Corps of Engineers (government or USACE) "knowingly benefited [sic] from Frontline's completed work [on the project], permitted that work to be fraudulently credited to another party, and then deliberately relied upon that fraud to secure performance from the surety . . . after the prime contractor's termination" (*id.* at 1). Frontline contends that these "unjust" actions established an implied-in-fact contractual relationship with USACE and as such, triggered the Board's jurisdiction (*id.*).

In support of its motion, Frontline relies upon a government memorandum dated January 10, 2024 (Exhibit 1), which it submitted to the Board prior to the release of the aforementioned April 3, 2025 decision[1]. Obtained through a Freedom of

---

[1] Frontline submitted a "motion for leave to file supplemental evidence . . ." on
        March 24, 2025. Attached to appellant's motion was a copy of the

Information Act (FOIA) request, the purpose of Exhibit 1 was to "document details regarding time and duties for Subcontractor 'Frontline' under the subject contract" (app. mot., ex. 1 at 1). In addition to describing Frontline's time and activities on the jobsite, Exhibit 1 lists billing and payments to the prime contractor for work performed by Frontline (*id.* at 1-3). Frontline argues Exhibit 1 confirms USACE knew the prime contractor fraudulently claimed credit for Frontline's completed work. Frontline then alleges that when the prime contractor defaulted, USACE executed a takeover agreement with the surety, relying on the alleged fraudulent records to complete the project and thereby "ratifying" Frontline's uncompensated performance. Frontline asserts that this purported ratification created a "direct and legally recognizable implied contractual relationship" between it and USACE. (App. mot. at 1-2, 4, 8)

Frontline also alleges that the government's "intentional delays" in responding to its FOIA requests prevented it from "presenting these jurisdictional facts at the appropriate procedural juncture, specifically during the initial claim and early jurisdictional arguments" (*id.* at 2-3, 6). Frontline contends that the government's "deliberate procedural misconduct compromised the fairness, completeness, and accuracy of the jurisdictional record, directly influencing the Board's decision to dismiss the appeal without a full and proper evaluation of this vital evidence" (*id.* at 3).

USACE counters that Frontline's motion fails to introduce any newly discovered evidence that was not available at the time of our original decision, including Exhibit 1, which it points out identifies Frontline as a subcontractor. USACE further argues that Frontline has not shown any material errors of fact or law warranting reconsideration. (Gov't resp. at 5-6) USACE notes that even if we were to grant the motion for reconsideration, Frontline must still show that the Board possesses jurisdiction over any new issues that would be considered if reconsideration were granted. According to USACE, "[s]ince no new issues have been submitted to [the] contracting officer, this Board only needs to determine if there was an error in finding no jurisdiction over the claims that were in fact the subject of" our original decision. (*Id.* at 6) USACE also points out that the Board does not possess jurisdiction over fraud actions where it would first need to make factual determinations with respect to the alleged fraudulent conduct[2] (*id.* at 7 (citations omitted)).

---

government's memorandum dated January 10, 2024 ("Exhibit 1"). In rendering our decision, the Board considered all the parties' arguments and cited evidence, including arguments set forth in Frontline's March 24, 2025, motion for leave to file supplemental evidence.

[2] Given our disposition of this motion, we need not address this argument.

DECISION

To prevail on a motion for reconsideration, a party "must demonstrate a compelling reason for the Board to modify its decision." *Golden Build Co.*, ASBCA No. 62294, 20-1 BCA ¶ 37,742 at 183,161 (quoting *Bruce E. Zoeller*, ASBCA No. 56578, 14-1 BCA ¶ 35,803 at 175,103). "[If] we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate." *Chugach Fed. Sols., Inc.*, ASBCA No. 61320, 23-1 BCA ¶ 38,456 at 186,918; *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911. "In short, if we have made a genuine oversight that affects the outcome of the appeal, we will remedy it." *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,146 at 180,841. Reconsideration might also be appropriate in the event of newly discovered evidence. *Afghan Premier Logistics*, ASBCA No. 62938 *et al.*, 23-1 BCA ¶ 38,373 at 186,402. Motions for reconsideration, however, are "not the place to present arguments previously made and rejected." *Id.*; *Potomac Elec. Corp.*, ASBCA No. 61371, 20-1 BCA ¶ 37,663 at 182,862 ("A motion for reconsideration is not intended to present a 'post-decision bolstering of contentions which we have already rejected.'") (quoting *Charitable Bingo Assocs., Inc., d/b/a Mr. Bingo, Inc.*, ASBCA Nos. 53249, 53470, 05-2 BCA ¶ 33,088 at 164,014). They "do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014).

Frontline has not demonstrated that reconsideration of our original decision is warranted. It has not shown any mistakes in the findings of fact or conclusions of law in our decision, nor has it shown the existence of newly discovered evidence. Although Frontline makes much of the purported significance of Exhibit 1, the fact remains that it submitted Exhibit 1 to the Board before we issued our original decision. It could have asserted the existence of an implied-in-fact contract at that time, but it did not. *See* (app. resp. to govt's mot. to dismiss).

Frontline is clearly attempting to take a second bite the apple by arguing that it had an implied-in-fact contract directly with the government. As Frontline itself admits, "the existence of an implied-in-fact contractual relationship through constructive ratification[] was not directly argued or addressed during the original proceedings" (app. mot. at 3). Frontline has failed to show a compelling reason for us to modify our original decision.

Moreover, even if we granted the motion, Frontline would still have to establish our jurisdiction over its allegation of an implied-in-fact contract. To do so, it would have to demonstrate, by a preponderance of the evidence, that the new allegation "derive[] from the same set of common or related operative facts" as those contained in the claim and "seek[s] the same or similar relief." *Parwan Grp. Co.*, ASBCA

No. 60657, 18-1 BCA ¶ 37,082 at 180,495 (citing *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003)).  Allegations presenting a new legal theory of recovery, or the introduction of additional facts that do not alter the nature of the original claim, do not constitute a new claim if they are based on the same set of operative facts included in the original claim.  *Id.* (citing *Trepte Constr. Co.*, ASBCA 38555, 90-1 BCA ¶ 22,595 at 113,385-86).  "Where proof of the new legal theory includes operative facts differing from those in the original claim, however, 'the essential nature of the claim has been changed and we do not have jurisdiction over the new claim until it has been presented to the contracting officer for decision.'"  *Id.* (quoting *Shams Eng'g and Contracting Co. and Ramli Co.*, ASBCA Nos. 50618, 50619, 98-2 BCA ¶ 30,019 at 148,525).

Frontline argues its assertion of an implied-in-fact contract "refin[es] legal theories, grounded in the same underlying facts" (app. reply at 6).  However, here, Frontline bases its claim on a new set of operative facts derived from Exhibit 1, which was neither part of the original claim nor submitted to the contracting officer for a final decision.  Accordingly, we conclude that this new legal theory is not grounded in the same underlying facts and, as such, is a new claim.  We cannot exercise jurisdiction over new claims asserted here that were not previously presented to the contracting officer.  *Conrad Shipyard, LLC*, ASBCA No. 63869, 25-1 BCA ¶ 38,796 at 188,686, citing *Wilwood Eng. Inc.*, ASBCA No. 62773, 22-1 BCA ¶ 38,116 at 185,144. (explaining the action before the Board must arise from the same operative facts as the claim submitted to the contracting officer, seek essentially the same relief, and not advance a materially different legal theory).  Thus, Frontline's argument must fail.

Finally, with respect to Frontline's allegation of "procedural" misconduct by USACE personnel, we have seen no evidence of any misconduct on the part of USACE counsel in this appeal.  Frontline's complaints about the handling of its FOIA requests are not relevant to the proceedings before this Board, as our jurisdiction does not extend to an agency's FOIA actions.  *See* 41 U.S.C. §7105(e).

CONCLUSION

The motion for reconsideration is denied.

Dated:  January 14, 2026

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 64022, Appeal of Frontline Support Solutions, LLC, rendered in conformance with the Board's Charter.

Dated:  January 14, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5